**FILED**

1 | Marilyn M. Smith (CA State Bar No. 72719)
LAW OFFICE OF MARILYN M. SMITH
2 | 301 E. Colorado Boulevard, Suite 610
Pasadena, California 91101
3 | Telephone:    (626) 683-8102
Facsimile:    (626) 683-8702

2009 JUN 29  PM 2: 53

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

5 | Attorney for Plaintiff
NICHOLAS ROCKEFELLER

6

7

8 | UNITED STATES DISTRICT COURT

9 | CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

10

11 | NICHOLAS ROCKEFELLER, an individual,

12 |                              Plaintiff,

13 |          vs.

14 |

15 | PERKINS COIE LLP, a Washington Professional Service Corporation;
BIDERMAN SHERMAN, a California
16 | business entity, form unknown;
ATTORNEYS' LIABILITY ASSURANCE
17 | SOCIETY, INC., a Vermont Corporation,
and DOES 1 through 10, inclusive,
18 |
                              Defendants.
19 |

CASE NO. **CV09-4675** SVW **(FFMx)**

COMPLAINT FOR:

1.    DECLARATORY AND INJUNCTIVE RELIEF;
2.    BREACH OF AGREEMENT TO PAY EXPENSES AND INDEMNITY;
3.    DECLARATORY RELIEF AND EXPRESS INDEMNITY;
4.    DECLARATORY RELIEF AND STATUTORY INDEMNITY;
5.    DECLARATORY RELIEF AND IMPLIED INDEMNITY; and
6.    DECLARATORY RELIEF AND COMPARATIVE CONTRIBUTION

*DEMAND FOR JURY TRIAL*

21 | Plaintiff NICHOLAS ROCKEFELLER ("Plaintiff") alleges:

23 |          1.    Jurisdictional Allegations: The jurisdiction of this Court over the subject matter of

24 | this action is predicated on 28 USC §1332, as established by the following:

25

1         a.      Plaintiff is an individual and a citizen of the State of Hawaii.

2         b.      Plaintiff is informed and believes and on such basis alleges that Defendant

3 BIDERMAN SHERMAN ("Biderman") is a professional services business entity whose exact format

4 is presently unknown, but that at all relevant times had it principal place of business in the State

5 of California, County of Los Angeles. Plaintiff is informed and believes and on such basis alleges

6 that the individual principals and/or partners of Biderman are and were at all relevant times citizens

7 of the State of California.

8         c.      Plaintiff is informed and believes and on such basis alleges that Defendant

9 PERKINS COIE LLP ("Perkins") is a professional services corporation organized pursuant to the laws

10 of the State of Washington, and having its principal place of business in the State of Washington,

11 Kings County.

12         d.      Plaintiff is informed and believes and on such basis alleges that Defendant

13 ATTORNEYS' LIABILITY ASSURANCE SOCIETY, INC. ("ALAS") is a mutual insurance company

14 domiciled in the State of Vermont and having its principal place of business in the State of Illinois,

15 Cook County. ALAS was the insurance company who provided defense and indemnity and other

16 insurance coverage for the other Defendants and designated insureds under the policy.

17         e.      The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

18      2.      <u>Venue Allegations</u>: The claim arose in this District and one Defendant resides in this

19 district.

20

21 <center>**<u>ALLEGATIONS COMMON TO ALL CAUSES OF ACTION</u>**</center>

22      3.      Plaintiff is presently unaware of the true names and capacities of those Defendants

23 sued herein as DOES 1 through 10, inclusive, and Plaintiff therefore sues such defendants by such

24 fictitious names. Plaintiff is informed and believes and thereon alleges that each of the fictitiously

25

26 COMPLAINT FOR: 1. DECLARATORY AND INJUNCTIVE RELIEF; 2. BREACH OF AGREEMENT TO PAY
EXPENSES AND INDEMNITY; 3. DECLARATORY RELIEF AND EXPRESS INDEMNITY; 4. DECLARATORY

27 RELIEF AND STATUTORY INDEMNITY; 5. DECLARATORY RELIEF AND IMPLIED INDEMNITY; and
6. DECLARATORY RELIEF AND COMPARATIVE CONTRIBUTION / ***DEMAND FOR JURY TRIAL***

28 <center>Page 2</center>

1   named Defendants are liable to Plaintiff as alleged herein, and are obligated to indemnify and/or

2   defend Plaintiff, or to contribute to any judgment or settlement rendered against Plaintiff in

3   connection with the underlying actions.

4        4.     In or about September 2002 , Plaintiff In4Network, Inc. filed an action in the Superior

5   Court of California, County of Los Angeles, alleging, among other theories, professional malpractice

6   against Perkins, Plaintiff, David Biderman, and Vic Mansourian (the "In4 Network 2002 Action").

7   Solely for informational purposes, Plaintiff incorporates the allegations of the complaint as though set

8   forth fully herein.

9        5.     In or about 2003, Perkins  filed an action in the State of Washington, Kings County,

10   alleging, among other theories, misrepresentation and illegal recordings of telephone conversations

11   in violation of state statute and naming a principal of In4Network, Inc., Seth Landau, as defendant

12   ("Landau 2003 Action"). Solely for informational purposes, Plaintiff incorporates the allegations of

13   the complaint as though set forth fully herein.

14        6.     In or about 2008, Landau  filed an action in the State of California, County of Los

15   Angeles, alleging, among other theories, malicious prosecution based on the Landau 2003 Action,

16   naming as defendants Plaintiff, Ken Sidle, and Gipson, Hoffman and Panccione as defendants

17   ("Landau 2008 Action"). Solely for informational purposes, Plaintiff incorporates the allegations of

18   the complaint as though set forth fully herein.

19        7.     Beginning in or about April 2000, Plaintiff became an employee of Perkins and

20   Biderman. His assigned office and assigned secretary were located at the Perkins office in Los Angeles

21   County, and his work was centered at this location.  His wages were paid by payroll check issued and

22   delivered or transmitted to him in Los Angeles.

23        8.     Although Perkins was the entity who directed Plaintiff's activities and enjoyed the

24   benefit of Plaintiff's work and services, Plaintiff's paychecks bore the name of Biderman Sherman,

25

26   COMPLAINT FOR: 1. DECLARATORY AND INJUNCTIVE RELIEF; 2. BREACH OF AGREEMENT TO PAY
    EXPENSES AND INDEMNITY; 3. DECLARATORY RELIEF AND EXPRESS INDEMNITY; 4. DECLARATORY
27   RELIEF AND STATUTORY INDEMNITY; 5. DECLARATORY RELIEF AND IMPLIED INDEMNITY; and
    6. DECLARATORY RELIEF AND COMPARATIVE CONTRIBUTION / *DEMAND FOR JURY TRIAL*
28

1  and all W-2's and related employment and tax forms bore the name and Employer Identification

2  Number of Biderman Sherman.

3      9.      Defendants elected to refer to Plaintiff as a "partner" of Perkins, but in fact Plaintiff

4  was an employee of Perkins and Biderman. Plaintiff is informed and believes that at no time did

5  he ever become a signatory to any purported partnership agreement nor did the manner and method

6  of his compensation change directly as a function of Defendants' revenues and profits. Furthermore,

7  Plaintiff at all times was subject to termination as any similarly situated employee.

8      10.     Plaintiff continued to perform work and services for Defendants Perkins and

9  Biderman, and to be paid as an employee until he suffered from physical disability and was unable

10  to perform the necessary duties of his position. He was placed on disability, and later was

11  terminated by Defendants in December 2005.

12

13              **FIRST CAUSE OF ACTION**

14          (For Declaratory and Injunctive Relief Against Defendant

15              ALAS and Does 1 through 4, inclusive)

16      11.     Plaintiff incorporates and realleges Paragraphs 1 through 10, inclusive, as though fully

17  set forth in this Cause of Action.

18      12.     Plaintiff is informed and believes, and thereon alleges, that at all relevant times, there

19  was in effect one or more policies of liability insurance issued by Defendant ALAS and Does 1

20  through 4, inclusive, that offered or potentially offered coverage for the acts and omissions

21  referenced in the In4 Network 2002 Action and the Landau 2003 and 2008 Actions. Plaintiff further

22  alleges that he qualified as an insured or additional insured, and therefore under the terms of the

23  insurance policy as issued by ALAS, Plaintiff was and is entitled to a defense for those claims.

24      13.     Plaintiff has requested that Defendants agree to provide him with a defense.

25

26  COMPLAINT FOR: 1. DECLARATORY AND INJUNCTIVE RELIEF; 2. BREACH OF AGREEMENT TO PAY
   EXPENSES AND INDEMNITY; 3. DECLARATORY RELIEF AND EXPRESS INDEMNITY; 4. DECLARATORY
27  RELIEF AND STATUTORY INDEMNITY; 5. DECLARATORY RELIEF AND IMPLIED INDEMNITY; and
   6. DECLARATORY RELIEF AND COMPARATIVE CONTRIBUTION / *DEMAND FOR JURY TRIAL*
28              Page 4

1 | However, Defendants have failed and refused to do so.

2 |     14.    Plaintiff has expended substantial sums, in excess of Two million dollars, in

3 | connection with the prosecution and defense of the In4Network 2002 Action and Landau 2003 and

4 | 2008 Actions, and in being required to fund his own fees, costs, and expenses, Plaintiff has been and

5 | will continue to be deprived of the benefit of the protection afforded by the insurance policy(ies).

6 | See, for example, MONTROSE CHEMICAL CORP. v. SUPERIOR COURT, 6 Cal.4th 287, 295 (1993)

7 | ["Imposition of an immediate duty to defend is necessary to afford the insured what it is entitled

8 | to: the full protection of a defense on its behalf."]; BUSS v. SUPERIOR COURT, 16 Cal.4th 35, 49

9 | (1997) ["To defend meaningfully, the insurer must defend immediately."]  Plaintiff has no adequate

10 | remedy at law because the Plaintiff remains obligated to expend these sums to protect his interests

11 | and legal rights in these matters, both at trial and the appellate level.

12 |

13 | <div align="center">**SECOND CAUSE OF ACTION**</div>

14 | <div align="center">(For Breach of Agreement to Pay Expenses and Indemnity Against Defendants</div>

15 | <div align="center">Perkins and Biderman and Does 5 through 10, inclusive)</div>

16 |     15.    Plaintiff incorporates and realleges Paragraphs 1 through 15, inclusive, as though fully

17 | set forth in this Cause of Action.

18 |     16.    The Landau 2003 Action was a civil law suit brought for misrepresentation, illegal

19 | recordings of conversations in violation of statute, and other causes of action, filed against Landau, the

20 | individual principal officer of In4Network, Inc. The complaint was filed in Kings County (Seattle)

21 | Washington by Plaintiff at the specific request and subsequent participation and support of Perkins

22 | from pre-filing through trial of the Landau 2003 Action.

23 |     17.    Prior to the Landau 2003 Action, Perkins investigated and discussed the appropriate legal

24 | action to undertake in response to the In4Network 2002 Action that had been filed against Perkins and

25 |

1   others. Substantial discussion took place among Perkins and the litigators responsible for the defense.

2   Perkins concluded that it had a number of viable claims against In4 and Landau, but rejected the option

3   of filing a cross-complaint against In4 and/or Landau individually as part of the ongoing In4Network

4   2002 Action. Perkins also rejected the option of filing a new and separate complaint in the Los Angeles

5   Superior Court. Instead, Perkins elected to file a separate action in the State of Washington, Kings

6   County, naming Seth Landau individually. The decision to proceed against Landau individually and

7   to proceed in the State of Washington was solely the decision of Perkins.

8       18.    In addition, having made the decision to file against Landau in Washington, Perkins

9   continued to be solely responsible for the decisions and strategy regarding the suit. Specifically,

10  after the Landau 2003 Action was filed, Perkins continued to direct and instruct, and solely determined

11  to continue with the Landau 2003 Action through and including trial. The Landau 2003 Action

12  continued to a jury verdict and resulted in a judgment against Plaintiff in the amount of approximately

13  $250,000.

14      19.    Defendants, and each of them, promised to defend, reimburse, indemnity and hold

15  harmless Plaintiff from any and all losses, claims, expenses and liabilities that he might sustain as

16  a consequence of the In4Network 2002 Action and the Landau 2003 Action. In particular,

17  Defendants expressly agreed to pay for any expenses, costs, settlements, liabilities, and/or judgments

18  arising from, related to, or made necessary by the Landau 2003 Action.

19      20.    Defendants, and each of them, informed Plaintiff that his failure to comply with their

20  directions as to the In4Network 2002 Action and the Landau 2003 Action would result in pecuniary

21  penalties, including the withholding of wages and other compensation, the withholding of

22  reimbursement for expenses incurred by Plaintiff in the performance of his work and services for

23  Perkins in connection with In4Network 2002 Action and the Landau 2003 Action, as well as the

24  imposition and transfer of all related fees, expenses and settlement from Defendants to Plaintiff.

25

1    21.    Plaintiff, in reliance on the promises and agreements to pay for all expenses, costs,

2  fees and indemnity, and under threat of wages, compensation and expense reimbursement being

3  withheld and fees and indemnity being transformed into the sole responsibility of Plaintiff,

4  complied with the specific instructions and directions of his employer and thereby adhered to each

5  and all of the directions, instructions and requirements of Perkins, including the filing and

6  maintenance of the Landau 2003 Action.

7    22.    Plaintiff performed all of the terms, covenants and conditions on his part that

8  Defendants required him to perform in connection with the Landau 2003 Action. Plaintiff, in so

9  acting, was acting in obedience to the directions of his employer.

10    23.    Defendants became obligated to reimburse Plaintiff for the expenses, costs, fees, and

11  judgment, settlement or orders incurred and rendered as part of the Landau 2003 Action and the

12  resulting Landau 2008 Action. Defendants have failed and refused, and continue to fail and refuse,

13  to honor their obligations to reimburse Plaintiff for all sums that he has expended, and for which

14  he is and remains liable.

15    24.    Defendants have breached their agreement with Plaintiff to pay for, or reimburse

16  him, for all expenses, fees and costs incurred, including legal fees in excess of $250,000, and unpaid

17  expense reimbursements in excess of $50,000, and have failed and refused to satisfy the judgment

18  entered against Plaintiff in the Landau 2003 Action, or to defend or resolve the malicious

19  prosecution claims as embodied in the Landau 2008 Action.

20    25.    As a direct and legal result of Defendants' breach of the agreement to pay all fees,

21  costs and expenses, and to indemnify and hold harmless Plaintiff from any settlement or judgment,

22  Plaintiff has sustained economic damages including legal fees, court costs, orders, the principal

23  amount of the judgment, interest on the judgment, and related costs and expenses, in an amount to

24  be determined at trial, but presently in excess of $500,000.

25

1

2

3
### THIRD CAUSE OF ACTION

4
(For Declaratory Relief and Statutory Indemnity Against Defendants

5
Perkins and Biderman and Does 5 through 10, inclusive)

6
26.     Plaintiff incorporates and realleges Paragraphs 1 through 25, inclusive, as though

7
fully set forth in this Cause of Action.

8
27.     At all times relevant, Plaintiff was the agent and employee of Perkins and Biderman,

9
acting within the course and scope of his agency and employment. Plaintiffs' allegations refer solely

10
to acts and omissions that, if true, were done while Plaintiff was performing the duties and

11
responsibilities attendant to his employment with Defendants and each of them.

12
28.     Plaintiff alleges that insurance coverage for malpractice and other liability claims, and

13
defense and indemnification for any expenses, judgments or other obligations such as were incurred

14
as a result of the In4Network 2002 Action and the Landau 2003 and 2008 Actions, are fringe

15
benefits that attached to his position as employee of Perkins and Biderman. Plaintiff is informed and

16
believes and thereon alleges that Perkins deliberately deprived Plaintiff of these benefits, and

17
denied Plaintiff the protection of a defense under the insurance policy that otherwise would have

18
provided defense and indemnity to Plaintiff and other employees and agents of Perkins or

19
Biderman. Unless and until this Court orders Defendants, and each of them, to provide Plaintiff the

20
benefit of the insurance protection available to him and to all other similarly situated employees,

21
and to satisfy the other financial obligations, Plaintiff has and will continue to incur expenses

22
including attorneys fees and costs in defending against the allegations made in the In4Network 2002

23
Action and the Landau 2003 and 2008 Actions.

24
29.     An actual controversy now exists between Plaintiff and Perkins and Biderman in that

25

26

27

28

1    Plaintiff contends that under the provisions of <u>Labor Code</u> § 2802(a), Perkins and Biderman are

2    obligated to indemnify him for any settlement or judgment and for all attorneys fees and costs

3    incurred in connection with the In4 Network 2002 Action, the Landau 2003 Action, and the Landau

4    2008 Action. Plaintiff is informed and believe and on such basis alleges that Perkins and Biderman

5    deny any such obligations.

6         30.    Malpractice and liability insurance coverage, payment of expenses, and/or a defense

7    to any legal action arising from employment activities constitutes a "fringe benefit"to Plaintiff and

8    other employees. Therefore, this action comes within the ambit of California Labor Code section

9    218.50 and Plaintiff is entitled to recover his attorney's fees and costs incurred in this action.

10

11                          <u>FOURTH CAUSE OF ACTION</u>

12                    (For Declaratory Relief and Implied Indemnity Against Defendants

13                        Perkins, Biderman and Does 5 through 10, inclusive)

14        31.    Plaintiff incorporates and realleges Paragraphs 1 through 30, inclusive, as though fully

15    set forth in this Cause of Action.

16        32.    Plaintiff is informed and believes and thereon alleges, that in connection with the

17    acts and omissions as alleged in the In4Network 2002 Action and the Landau 2003 and 2008

18    Actions, Defendants, and each of them, were negligent, culpable or otherwise legally responsible

19    for the damages as alleged in those actions, and that their acts, omissions, negligence and/or other

20    culpable conduct was the actual and legal cause of damage, if any, to the plaintiffs in the

21    In4Network 2002 Action and the Landau 2003 Action.

22        33.    Plaintiff alleges that in the event Defendants, or any of them, are determined to have

23    been a legal cause of damage to plaintiffs, or any of them, or to be responsible for other monetary

24    relief in either the In4Network 2002 Action or the Landau 2003 and Landau 2008 Actions, then

25

26    COMPLAINT FOR: 1. DECLARATORY AND INJUNCTIVE RELIEF; 2. BREACH OF AGREEMENT TO PAY
      EXPENSES AND INDEMNITY; 3. DECLARATORY RELIEF AND EXPRESS INDEMNITY; 4. DECLARATORY
27    RELIEF AND STATUTORY INDEMNITY; 5. DECLARATORY RELIEF AND IMPLIED INDEMNITY; and
      6. DECLARATORY RELIEF AND COMPARATIVE CONTRIBUTION / *DEMAND FOR JURY TRIAL*
28                                      Page 9

Plaintiff is entitled to indemnity from Defendants, and each of them, on a comparative fault basis and in an amount equal to the portion of the verdict, judgment, order or settlement effected in the In4Network 2002 Action or the Landau 2003 Action or the Landau 2008 Action that is attributable to the percentage of fault attributed to each Defendants.

### FIFTH CAUSE OF ACTION

(For Declaratory Relief and Comparative Contribution Against Defendants

Perkins, Biderman and Roes 5 through 10, inclusive)

34.    Plaintiff incorporates and realleges Paragraphs 1 through 33, inclusive, as though fully set forth in this Cause of Action.

35.    Plaintiff denies any negligence or wrongdoing in connection with either the In4Network 2002 Action or the Landau 2003 or Landau 2008 Actions. If, however, Plaintiff should be found liable or responsible in any way for the damages or other obligations arising out of those Actions, then Plaintiff is entitled to be compensated by Defendants in an amount equal to the percentage of fault allocated to Defendants, and each or any of them, as contribution towards any order, judgment or settlement that Plaintiff may be required to pay or for which Plaintiff may be adjudged liable or responsible.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1.    For a declaration that Defendant ALAS is obligated to forthwith assume and fund the defense of Plaintiff, including all attorneys' fees and costs in connection with both the In4Network 2002 Action, the Landau 2003 Action and the Landau 2008 Action;

2.    For damages in an amount equal to all expenditures by Plaintiff for costs, fees, expenses, interest, and the judgment, orders or settlement in the Landau 2003 Action and the

COMPLAINT FOR: 1. DECLARATORY AND INJUNCTIVE RELIEF; 2. BREACH OF AGREEMENT TO PAY EXPENSES AND INDEMNITY; 3. DECLARATORY RELIEF AND EXPRESS INDEMNITY; 4. DECLARATORY RELIEF AND STATUTORY INDEMNITY; 5. DECLARATORY RELIEF AND IMPLIED INDEMNITY; and 6. DECLARATORY RELIEF AND COMPARATIVE CONTRIBUTION / *DEMAND FOR JURY TRIAL*
Page 10

1   Landau 2008 Action in an amount not less than $500,000, and to be determined at time of trial;

2        3.     For a declaration that Defendants Perkins and Biderman are obligated to indemnify

3 Plaintiff for any defense costs or other expenses, including all attorneys' fees and costs, and

4 including indemnity for any amounts for which Plaintiff is liable by way of judgment or settlement,

5 that Plaintiff has or will incur in connection with the In4Network 2002 Action, the Landau 2003

6 Action and the Landau 2008 Action, in an amount not less than Two Million Dollars, and to be

7 determined at time of trial;

8        4.     If Plaintiff is found to be liable to any plaintiff in the In4Network 2002 Action, the

9 Landau 2003 Action, or the Landau 2008 Action, and if Plaintiff is not entitled to complete

10 indemnity, then for judgment to be rendered against Defendants Perkins and Biderman, and each

11 of them, for full, complete, or partial indemnity in an amount commensurate with that degree of

12 fault attributable to the negligence or culpability of Perkins and Biderman, and each of them.

13        5.     For a declaration by this Court resolving all of the rights and liabilities of the Plaintiff

14 and Defendants, and each of them, with specific reference to Plaintiff's right of indemnity or

15 comparative contribution from Defendants, and each of them.

16        6.     If Plaintiff is found not entitled to complete indemnity, for a declaration by this Court

17 determining that Plaintiff is entitled to reimbursement by way of indemnification or comparative

18 contribution from Defendants, and each of them, in respect to any and all verdicts, judgments,

19 settlements or orders which may be entered into between Plaintiff and any of all of the plaintiffs

20 in the In4Network 2002 Action, the Landau 2003 Action and the Landau 2008 Action, and that said

21 reimbursement be determined upon the basis of the comparative fault of Defendants, and each of

22 them, in relation to the total sum of any such settlement.

23        7.     For all attorney's fees and costs incurred, or to be incurred, by Plaintiff in this action,

24 according to proof, pursuant to Labor Code 2802 and Labor Code 218.50;

25

26   COMPLAINT FOR: 1. DECLARATORY AND INJUNCTIVE RELIEF; 2. BREACH OF AGREEMENT TO PAY
EXPENSES AND INDEMNITY; 3. DECLARATORY RELIEF AND EXPRESS INDEMNITY; 4. DECLARATORY
27   RELIEF AND STATUTORY INDEMNITY; 5. DECLARATORY RELIEF AND IMPLIED INDEMNITY; and
6. DECLARATORY RELIEF AND COMPARATIVE CONTRIBUTION / *DEMAND FOR JURY TRIAL*
28   Page 11

8.     For reimbursement, including interest from the date any expense was incurred, pursuant to Labor Code 2802, of all necessary expenditures or losses incurred by Plaintiff in direct consequence of his duties as employee and or of his obedience to the directions of Defendants;

9.     For prejudgment interest on all principal sums due in accordance with Civil Code sections 3287 and 3288;

10.     For costs of suit incurred herein; and

11.     For such other and further relief as the Court may deem just and proper.

Dated:  June 29,2009                    Respectfully submitted,

LAW OFFICES OF MARILYN M. SMITH

By: _____
        Marilyn M. Smith
        Attorney for Plaintiff
        NICHOLAS ROCKEFELLER

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Dated:  June 29,2009                    Respectfully submitted,

LAW OFFICES OF MARILYN M. SMITH

By: _____
        Marilyn M. Smith
        Attorney for Plaintiff
        NICHOLAS ROCKEFELLER

COMPLAINT FOR:  1.  DECLARATORY AND INJUNCTIVE RELIEF;  2.  BREACH OF AGREEMENT TO PAY EXPENSES AND INDEMNITY;  3.  DECLARATORY RELIEF AND EXPRESS INDEMNITY;  4.  DECLARATORY RELIEF AND STATUTORY INDEMNITY;  5.  DECLARATORY RELIEF AND IMPLIED INDEMNITY; and 6.  DECLARATORY RELIEF AND COMPARATIVE CONTRIBUTION / *DEMAND FOR JURY TRIAL*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Stephen V. Wilson and the assigned discovery Magistrate Judge is Frederick F. Mumm.

The case number on all documents filed with the Court should read as follows:

## CV09- 4675 SVW (FFMx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

====================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

Marilyn M. Smith (CA State Bar No. 72719)
Law Office of Marilyn M. Smith
301 E. Colorado Boulevard, Suite 610
Pasadena, California 91101
Telephone: (626) 683-8102
Facsimile: (626) 683-8702

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

NICHOLAS ROCKEFELLER, an individual,

PLAINTIFF(S)

v.

PERKINS COIE LLP, a Washington Professional Service
Corporation; BIDERMAN SHERMAN, a California business
entity, form unknown; ATTORNEYS' LIABILITY
ASSURANCE SOCIETY, INC., a Vermont Corporation;
and DOES 1 through 10, inclusive,    DEFENDANT(S).

CASE NUMBER

**CV09-4675 SVW (FFMx)**

**SUMMONS**

TO:    DEFENDANT(S):    PERKINS COIE LLP, a Washington Professional Service Corporation; BIDERMAN SHERMAN, a California business entity, form unknown; ATTORNEYS' LIABILITY ASSURANCE SOCIETY, INC., a Vermont Corporation; and DOES 1 through 10, inclusive,

A lawsuit has been filed against you.

Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Marilyn M. Smith_____, whose address is _301 E. Colorado Blvd., Suite 610, Pasadena, California 91101_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: ___JUN 2 9 2009_____

By: _Natalie Gongaia_____
         Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                                        **SUMMONS**

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
NICHOLAS ROCKEFELLER, an individual

**DEFENDANTS**
PERKINS COIE LLP, a Washington Professional Service Corporation;
BIDERMAN SHERMAN, a California business entity, form unknown;
ATTORNEYS' LIABILITY ASSURANCE SOCIETY, INC.,

a Vermont Corporation; and DOES 1 through 10, inclusive,

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Marilyn M. Smith, Law Office of Marilyn M. Smith, 301 E. Colorado Blvd., Suite 610, Pasadena, California 91101 - 626/683-8102

Attorneys (If Known)

---

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☑ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☑ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

---

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No    ☑ **MONEY DEMANDED IN COMPLAINT: $** 2.5 million in excess of

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

---

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☑ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 630 Liquor Laws | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | **REAL PROPERTY** | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 220 Foreclosure | **IMMIGRATION** | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | | | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus-Alien Detainee | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

---

# CV09-4675

**FOR OFFICE USE ONLY:** Case Number: _____

### AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)    ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.

☐    Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Hawaii |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.

☐    Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County (Biderman Sherman) | Washington (Perkins) and Vermont (ALAS) |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.

     Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County |  |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties

Note: In land condemnation cases, use the location of the tract of land involved.

X.  SIGNATURE OF ATTORNEY (OR PRO PER): *Marc N Schmid*                Date June 29, 2009

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |